[18 Misc. Rep. 357.]

MOSES v. HELMKE.

(City Court of New York, General Term.    October 30, 1896.)

REAL-ESTATE AGENT—COMPENSATION.
    To entitle a real-estate agent to his commissions for negotiating a sale, it is not necessary that a contract of sale should have been executed, provided the purchaser was able and willing to buy at the seller's price and terms.

Appeal from trial term.

Action by Charles G. Moses against Henry B. Helmke. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS, J.

Hoffman Miller, for appellant.

Mark Ash, for respondent.

VAN WYCK, C. J. The plaintiff, a real-estate broker, sues to recover commissions for securing for defendant, at his request, a purchaser of his real property, for the price and upon the terms fixed by him. The record and brief indicate that defendant's (appellant's) case was tried largely upon the theory that a real-estate broker, who, by his negotiations, at the seller's request, has produced a purchaser willing and able to buy at the seller's price and terms, has not earned his commission until the seller and purchaser have actually executed a written contract of sale and purchase, enforceable at law for damages, and in equity for specific performance. But such is not the law of this state, and the rule here is that where a broker employed to effect a sale of property has found a purchaser of sufficient responsibility, able and willing to take upon the terms named, he has performed his contract and is entitled to his commission. And this is the rule whether the property be real or personal, or whether the purchase price is to be paid in cash, or in other property at an agreed price. The proof of plaintiff is that at defendant's request, through plaintiff's negotiations, he secured one Friedman to agree to exchange his property for defendant's property for prices and upon terms satisfactory to defendant, and that defendant, in parting with Friedman, said to him that his lawyers could draw the contracts and send them over to his (defendant's) lawyers "to see if the form is correct, and I will sign them"; that defendant made an engagement for Tuesday, to sign the contract, but did not keep the engagement; that on Wednesday defendant wrote to the broker as follows:

"New York, Feb. 27, 1895.

"Mr. Chas. Griffith Moses—Dear Sir: One of the parties who I told you was negotiating for my Brooklyn house has finally accepted my offer, and the contracts were signed this morning. I can assure you that I am sorry that you did not make the deal, as you have worked hard, and I will put anything that I can in your way that would be profitable to you. The principal reasons for my declining the Washington Heights property, and taking the other in preference, are the price, assessments, the probability of the city taking off some 22 ft. to widen Depot lane, the doubts of being able to get a street cut through where I would prefer, the facilities of getting to the property, and other important reasons. Thanking you for your attention, and hoping soon to be able to send you some business,

"Very truly,                                    H. B. Helmke."

Mr. Friedman testified that he and defendant had agreed fully upon the terms of the exchange, and that he owned the property which he was to give defendant in exchange jointly with another, and that such other had authorized him to make the trade. In defendant's letter by which he informed the broker that he had signed a contract to sell his property to other parties, his specified reasons for his refusal to sign the contract with Friedman are the price, assessments,

probable loss of 22 feet to widen a street, and doubts about having a street cut through just where he wished it; but in his testimony at the trial he gives as his reason for failing to agree to the exchange that it was a condition precedent to his making this exchange that he should also purchase the Rathborn adjoining property, and that he objected also because the mortgage on the Friedman property could not be paid off within 30 days, but he made no proof about the assessments, price, loss of 22 feet to widen street, or doubt about having street cut at particular place. The respective contentions of the parties were fully and clearly submitted to the jury, who were charged that if they found that the minds of these parties, Helmke and Friedman, who were to exchange properties, did not meet on all the material conditions and terms of the bargain, then the broker cannot recover. If there was any difference between them, then their minds had not met, and they had not fully agreed, and in that case the broker would not be entitled to his commission. But if they found from all the evidence that their minds did meet, and that they had fully agreed upon the terms of the exchange of their property, then the broker is entitled to his commission, whether the contract was put in writing or not. This charge was in accordance with the law relating to brokerage for sale of property for cash, or by exchange for other property. In view of the shifting excuses given by defendant for his alleged failure to agree as to the sale by exchange, it would not be surprising that the jury had concluded that the true reason for his failure to carry out his agreement was that he had secured another purchaser for his property, on more advantageous terms to him, and their verdict for plaintiff will not be disturbed.

Judgment and order affirmed, with costs.